UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 10-63-P-H |
| | ) | |
| MARVIN DAVIS, | ) | |
| DEFENDANT | ) | |

**ORDER ON MOTION TO DISMISS**

To decide this motion to dismiss a superseding indictment, I must interpret the Speedy Trial Act's requirement that a charge be filed within 30 days of an arrest. 18 U.S.C. § 3161(b). I conclude that where a charge is contained in the complaint that furnishes the basis for the arrest and is then omitted from the original timely indictment, it cannot be added later by way of a superseding indictment after the time limit has passed. I therefore **GRANT** the motion to dismiss Count 2, but without prejudice, because of the circumstances.

**PROCEDURAL BACKGROUND**

A complaint was sworn before the Magistrate Judge and filed March 5, 2010. Complaint (Docket Item 1). It charged this defendant with two counts: being a felon in possession of two firearms; and conspiring to transfer or sell firearms to an out-of-state resident. He was arrested March 5, 2010, based upon the complaint. The grand jury returned an indictment on April 7, 2010,

within the 30-day limit (as the Speedy Trial Act defines it because a motion for detention excluded 10 days from the speedy trial clock.) Indictment (Docket Item 29). That indictment charged the defendant with only the first crime charged against him in the complaint, being a felon in possession of two firearms. It said nothing about the conspiracy charge. The matter proceeded in preparation for trial, scheduled for June 2010. On May 26, 2010, the grand jury returned a superseding indictment, charging the defendant with the same felon-in-possession charge and adding a second count—aiding and abetting a conspiracy to transfer, sell and deliver firearms to an out-of-state resident. Superseding Indictment (Docket Item 45). There are some minor variations in the underlying facts alleged in connection with the aiding-and-abetting-a-conspiracy charge. Trial was thereupon put over until July. The defendant then moved to dismiss the new, second, count. Mot. to Dismiss (Docket Item 57).

At oral argument June 30, 2010, the defendant's lawyer told me that the defendant does not claim prejudice in terms of his ability to prepare for trial. He recognized that he could secure a continuance of trial if necessary and that the assistant U.S. Attorney had alerted him in advance that she would seek the superseding indictment. But the defendant does argue that the superseding indictment violates the letter and spirit of the Speedy Trial Act and its 30-day limit.

## ANALYSIS

The following two provisions of the Speedy Trial Act bear upon this dispute:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges.

18 U.S.C. § 3161(b).

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) . . ., such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1). It is reasonable to read these two provisions as together requiring dismissal of a charge that was leveled against a defendant in the complaint that occasioned his arrest, but that was not contained in an indictment or information filed within 30 days of the arrest. Those are the circumstances here.

The only case that the parties have found directly on point reached exactly that conclusion. In United States v. Palomba, 31 F.3d 1456 (9th Cir. 1994), the Ninth Circuit ruled that where "the charges in the complaint and a later indictment are brought under the same statute, such charges shall be dismissed under Section 3161(b), absent substantial discrepancies in time, place and manner between the underlying criminal episodes 'apparent on the face of the complaint.'" Id. at 1464. Here, there are no such substantial differences, and Palomba calls for dismissal of Count 2. The Ninth Circuit

3

confirmed its Palomba holding in the later case of United States v. Carrasco, 257 F.3d 1045 (9th Cir. 2001), describing Palomba as holding that where "the complaint was sufficiently broad to encompass the misrepresentations identified in the superseding indictment," "the reassertion of the mail fraud charges in the superseding indictment violated the Speedy Trial Act. Id. at 1053.

Other cases the parties have cited deal with different types of issues: for example, how to apply the statute when the indictment or information precedes the arrest or summons, United States v. Hajduk, 370 F. Supp.2d 1103 (D. Colo. 2005); what to do when the superseding indictment contains a charge that was neither in the complaint nor the original indictment, United States v. Burgos, 254 F.3d 8 (1st Cir. 2001); what to do when the superseding indictment merely supplies facts missing from the original indictment, United States v. Carrasco, 257 F.3d 1045 (9th Cir. 2001); United States v. Mitchell, 723 F.2d 1040 (1st Cir. 1983) (adding names of persons); United States v. Widi, No. 09-9-P-S, 2010 WL 1037897 (D. Me. March 19, 2010) (adding facts, but not changing the charge); and what to do when the superseding indictment "gilds" the charge in the original indictment, United States v. Carey, 599 F. Supp.2d 50 (D. Me. 2009). I conclude that none of those cases bears upon resolution of the distinct chronology here.

The government's argument for a contrary result is not without force. There is some ambiguity in the statutory language. A single-count indictment in this case was filed within 30 days of the arrest. Therefore, it cannot be said

4

that "no" indictment was filed within the time limit. Accordingly, the government argues that it has satisfied the 30-day limit of the statute, and no charge needs to be dismissed. But if that were a correct reading, the government could file a 15-count complaint to secure an arrest, then charge only one count during the 30-day limit, and add the other 14 counts at its leisure thereafter. That is not a reasonable reading of the statutory language. Instead, section 3161(b) "is essentially a congressional directive for the orderly conduct of criminal proceedings," and designed to "accelerate the indictment phase of criminal proceedings." United States v. Rabb, 680 F.2d 294, 296 (3d Cir. 1982); see also United States v. Van Brandy, 563 F. Supp. 438, 440 (S.D. Cal. 1983).

The government also argues that the delay here was legitimate. Although the complaint claimed probable cause for the conspiracy charge, the assistant U.S. Attorney told me at oral argument that she was not thereafter satisfied that she could establish that probable cause before the grand jury. She wanted to find additional witnesses and evidence, which she accomplished after the 30-day limit.[1] But circumstances like that are accounted for in other language of § 3162(a):

---

[1] Ultimately, she decided that a charge of aiding and abetting the conspiracy would be preferable to a straight conspiracy charge. She did not seriously argue that the superseding indictment's aiding-and-abetting-a-conspiracy charge was materially different from the complaint's straight conspiracy charge, and if she had, I would have found them not materially different. See United States v. Marino, 277 F.3d 11, 30 (1st Cir. 2002) (observing that "[a]iding and abetting liability is inherent in every federal substantive crime," including conspiracy). She also did not argue that the factual variations were materially different, and if she had, I would have ruled to the contrary.

5

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a). Here, the offense is serious; the facts and circumstances that lead me to dismiss the case suggest no bad faith by the government; and a reprosecution on the Count 2 charge would not have an adverse impact on administration of the Speedy Trial Act or the administration of justice.

Accordingly, I **GRANT** the defendant's motion to dismiss Count 2, but the dismissal is without prejudice.

**SO ORDERED.**

**DATED THIS 2ND DAY OF JULY, 2010**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**